Gardiner, Ch. J.
The action was not brought to reclaim the property taken by the defendant, or its proceeds, but to enforce the claim and demand accruing originally to Meritt, for the unlawful detention and conversion of the goods in controversy.
Whether this cause of action was assignable, so as to enable the plaintiff to sustain the suit in his own name, is the only important question now presented. The learned judge, who delivered the opinion of the supreme court, was correct in saying that the terms of the deed were sufficiently comprehensive to embrace all the property of the assignor, and all the rights thereto appertaining. If a demand arising for a tortious conversion is assignable, I entertain no doubt that it passed by this conveyance. In The People v. Tioga Common Pleas (19 Wend., 73), this subject was discussed by Judge Cowen with his usual learning and ability ; he observes, in speaking of choses in action : “ That for the purposes of any sort of' assignment, legal or equitable, I can nowhere find that the term has ever been, carried beyond a claim due either on contract, or such whereby some special damage has arisen to the estate of the assignor.” And Ms conclusion is, that demands arising from injuries, strictly personal, whether arising upon tort or contract, are not *626 assignable, but that all others are. Upon the authority and reasoning of that case, and the decisions there referred to, the law may be considered as settled, that a claim to damage arising from the wrongful conversion of personal property is a chose in action that is assignable; and as such, was transferred by the trust deed to the plaintiff. In the present supreme court there is a conflict of opinion. Judge Harris and his associates concurring in the views of Judge Cowen, and Judge Brown holding that a demand of that nature is not the subject of assignment. (7 Howard, 492; 18 Barbour, 500.) If the demand was assignable, the action was properly brought in the name of the plaintiff, who had the exclusive right to recover the damages for the purposes of the trust. (Code, §§ 111, 113.) Ho demand or refusal was necessary to maintain the action. By the assignment the plaintiff succeeded to all the rights of the assignor; this is a necessary consequence of the assignability of the claim, as distinguished from the property converted. (1 Selden, 344.)
The judgment of the supreme court should be affirmed.
Denio, Johnson, Dean and Crippen, Js., concurred. Ruggles, J., took no part in the decision.